UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| AL COPELAND INVESTMENTS, L.L.C. AND COPELAND'S OF NEW ORLEANS, L.L.C. | * * * | CIVIL ACTION NO. |
| Plaintiff, | * * | |
| | * | SECTION |
| VERSUS | * * | |
| ENDURANCE AMERICAN SPECIALTY INSURANCE COMPANY | * * | MAGISTRATE |
| Defendant | * | |

************************************************************************

## COMPLAINT

**NOW INTO COURT**, through undersigned counsel, come Plaintiffs, Al Copeland Investments, L.L.C. and Copeland's of New Orleans, L.L.C. (sometimes hereafter jointly as "Plaintiffs"), who submit their Complaint as follows:

### I. PARTIES

1. Plaintiff, Al Copeland Investments, L.L.C. ("ACI"), is a limited liability company organized under the laws of the State of Louisiana with its domicile and principal place of business in the Parish of Jefferson.

2. Plaintiff, Copeland's of New Orleans, L.L.C. ("Copeland's"), is a limited liability company organized under the State of Louisiana with its principal place of business in the Parish of Jefferson.

3. ACI is a single member Louisiana limited liability company, and its sole member is Pangea Holdings, L.L.C., which is a Louisiana limited liability company. Pangea Holdings,

LLC's sole member is the Article III Trust U/W/O Alvin C. Copeland, whose sole trustee is Al C. Copeland, Jr., a Louisiana resident.

4. Copeland's is a single member Louisiana limited liability company, and its sole member is Pangea Holdings, L.L.C., which is a Louisiana limited liability company. Pangea Holdings, LLC's sole member is the Article III Trust U/W/O Alvin C. Copeland, whose sole trustee is Al C. Copeland, Jr., a Louisiana resident.

5. Made Defendant is Endurance American Specialty Insurance Company ("Endurance"), a foreign insurer organized under the State of Delaware with its principal place of business in the State of New York. Endurance is registered with the Louisiana Commissioner of Insurance and doing business in the State of Louisiana.

## II. JURISDICTION AND VENUE

6. As set forth in Paragraphs 2-4 above, there is complete diversity of citizenship pursuant to 28 U.S.C. § 1332 between the Plaintiffs on the one hand and Defendant on the other hand. Further, the dispute and matter in controversy exceeds, exclusive of interest and costs, the sums specified by 28 U.S.C. § 1332.

7. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the insured property is located in this judicial district and events out of which this lawsuit arises occurred within the territorial confines of this judicial district.

## III. FACTS

8. Plaintiffs are named insureds on a policy of insurance issued by Endurance, Policy No. ESP300000264501, (hereafter the "Policy") with a policy effective date of March 5, 2018 and policy expiration period of March 5, 2019.

9. At all times relevant hereto, Copeland's has owned and operated the Brass Pearl restaurant in Alexandria, Louisiana.

10. On November 1, 2018, a tornado caused extensive property damage to the restaurant causing the Brass Pearl restaurant to cease operations.

11. At all times relevant including on November 1, 2018, the Policy provided insurance coverage for the damages sustained by the restaurant including business income losses and reimbursement of business expenses during the restorative period.

12. Pursuant to the Policy, Endurance owes Plaintiffs coverage and payment to Plaintiffs for all of Plaintiffs' covered business expenses and costs incurred due to the November 1, 2018 event.

13. Plaintiffs submitted timely and sufficient proof of losses to Endurance, and Endurance paid for some, but not all of Plaintiffs' damages, costs and expenses, which expenses are continuing.

14. Contrary to the terms of the Policy and applicable law, Endurance refused to fully pay Plaintiffs/Insureds for the "operating expenses, including payroll expenses, necessary to resume operations with the same quality of service that existed just before the direct physical loss or damage." The Policy clearly provides that "We will pay for the actual loss of Business Income you sustain due to the necessary 'suspension' of your 'operations' during the 'period of restoration.'

15. The Policy specifically provides in the Business Income (and Extra Expense) Coverage Form as follows:

*A. COVERAGE, 1 BUSINESS INCOME:*

*Business Income means the:*

> a. Net Income (Net Profit or Loss before income taxes) that would have been earned or incurred; **_and_**
>
> b. *Continuing normal operating expenses incurred, including payroll.*

(Emphasis added.) Thus, by its terms, the Policy requires the payment of the insureds' continuing normal operating expenses in addition to net income (if any) that would have been earned.

16. Based on the terms of the insurance policy and applicable law, Endurance owes Plaintiffs at least $289,642.62 for its operating expenses, which Endurance has specifically refused to pay. These unreimbursed/unpaid expenses by category are as follows:

| **Category** | **Total** |
|---|---|
| Rent & Occupancy | $ 180,295.99 |
| Property & Flood Insurance | 40,518.77 |
| Repairs & Maintenance | 26,858.68 |
| Property Taxes | 19,161.24 |
| Other Insurance | 15,169.08 |
| Misc | 7,638.86 |
| **Total** | **$ 289,642.62** |

17. Plaintiffs aver that they have made amicable demand against Endurance and fully cooperated with Endurance in its investigation.

### IV. FIRST CAUSE OF ACTION- BREACH OF CONTRACT

18. Plaintiffs reallege and reaver each and every allegation set forth above and herein.

19. The Policy provides coverage for Plaintiffs' losses, expenses, costs and damages sustained as a result of the November 1, 2018 weather event. Endurance's failure and refusal to pay all amounts owed to its insureds as set forth in the Policy is a breach of its insurance contract and contrary to applicable Louisiana law. Plaintiffs are entitled to payment in the amount of at least $289,642.62 resulting from Endurance's breach of contract.

### V. SECOND CAUSE OF ACTION - PENALTIES AND ATTORNEY'S FEES

20. Plaintiffs reallege and reaver each and every allegation set forth above and herein.

21. In addition to the damages set forth above, Endurance has violated its legal and statutory obligations to its insureds by failing to timely pay its insureds the full amounts owed for damages and expenses covered under the Policy, and is therefore liable to Plaintiffs for penalties and attorney's fees as provided for in La. R.S. 22:1892 and La. R.S. 22:1973.

22. At all times, Plaintiffs have been cooperative with Endurance and its adjusters in its investigation of the claim, made amicable demand and provided all requested information and sufficient proof of loss regarding the expenses, and losses.

23. Thereafter, Endurance arbitrarily, capriciously and without probable cause failed to pay damages and losses owed under the Policy within thirty (30) days in violation of La. R.S. 22:1892(B)(1).

24. Further, Endurance arbitrarily, capriciously and without probable cause failed to pay all amounts owed to its insured under the Policy within sixty (60) days in violation of La. R.S. 22:1973(B)(6).

25. Endurance's refusal to pay Plaintiffs for losses covered by the Policy is based on its (a) misrepresentation of the Policy's provisions, (b) self-serving interpretations of the Policy, and (c) erroneous interpretation of applicable law; thereby entitling Plaintiffs to all penalties and reasonable attorney's fees as provided for under La. R.S. 22:1973B.

## VI. JURY DEMAND

26. Plaintiffs request and are entitled to a trial by jury on the matters asserted herein.

**WHEREFORE**, Plaintiffs Al Copeland Investments, L.L.C. and Copeland's of New Orleans, L.L.C. pray that:

Defendant, Endurance American Specialty Insurance Company, be served with a copy of this Complaint and be cited to appear and answer Plaintiffs' Complaint, and after legal delays

and proceedings, that there be judgment herein in favor of Plaintiffs and against Defendant for breaching its policy of insurance in the amount of $289,642.62 plus the costs of the proceedings and interest on same.

Plaintiffs further pray for a determination that Endurance has violated Louisiana law in adjusting and paying this insurance claim, thereby entitling Plaintiffs to an award of all applicable penalties, attorney's fees, and other damages to which Plaintiffs are entitled pursuant to La. R.S. 22:1892 and 22:1973.

Plaintiffs further pray for any and other general, equitable and specific relief to which they may be entitled.

Respectfully submitted,

/s/ Len R. Brignac
LEN R. BRIGNAC (#18139)
ROBERT J. BURVANT (#14119)
KING & JURGENS, L.L.C.
201 St. Charles Avenue, Suite 4500
New Orleans Louisiana 70170
Telephone: (504) 582-3800
Facsimile: (504) 582-1233
lbrignac@kingjurgens.com
rburvant@kingjurgens.com

*Attorneys for Al Copeland Investments, L.L.C. and Copeland's of New Orleans, L.L.C.*

**PLAINTIFFS REQUESTS ISSUANCE OF SUMMONS FOR:**

**Endurance American Specialty Insurance Company**
1221 Avenue of Americas, New York, NY 10020
Through its Agent for Service of Process
Louisiana Commissioner of Insurance
1702 N. Third Street
Baton Rouge, LA 70802

**Endurance American Specialty Insurance Company**
4 Manhattanville Road, Purchase, NY 10577
Through its Agent for Service of Process
Louisiana Commissioner of Insurance
1702 N. Third Street
Baton Rouge, LA 70802